# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2626-24

NEW JERSEY DIVISON OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

B.M. and P.G.,

     Defendants,

and

J.G.,

     Defendant-Appellant.

_____

IN THE MATTER OF
MAN.G.M., MAR.G.M.,
E.G., and J.G.M., minors.

_____

Argued May 13, 2026 – Decided June 25, 2026

Before Judges Smith, Berdote Byrne, and Jablonski.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FN-20-0048-23.

Beatrix W. Shear, Designated Counsel, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Beatrix W. Shear, on the briefs).

Nicholas Dolinsky, Deputy Attorney General, argued the cause for respondent (Jennifer Davenport, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Julie B. Colonna, Deputy Attorney General, on the brief).

Noel C. Devlin, Assistant Deputy Public Defender, argued the cause for minor E.G. (Jennifer N. Sellitti, Public Defender, Law Guardian, attorney; Meredith Alexis Pollock, Deputy Public Defender, of counsel; Noel C. Devlin, of counsel and on the brief).

PER CURIAM

In this Title 9 action, J.G.[1] (defendant) appeals from a March 28, 2024 order finding he sexually abused E.G. ("Ellen"), the daughter of his partner B.M. ("Beth"). We affirm substantially for the reasons stated by the court in a thorough, twenty-six-page written opinion. We add the following comments.

In November 2022, Ellen, who was then fourteen years old, alleged defendant had been sexually abusing her since she was in the fourth grade,

---

[1] We use initials and pseudonyms to protect the privacy of individuals and the records of this proceeding. R. 1:38-3(d)(12).

approximately four years. The Division of Child Protection and Permanency (DCPP) investigated the allegation and in December 2022 filed a complaint for care and supervision. At a five-day trial, Ellen testified about the abuse. During Ellen's testimony, the trial court ordered defendant be placed in a separate room, where he was able to view the testimony via a live video feed. While in the room, defendant could communicate electronically with his counsel, who remained in the courtroom and cross-examined Ellen, and breaks were taken so that his attorney could consult with defendant before cross-examination concluded. This procedure is permissible pursuant to N.J.S.A. 2A:84A-32.4, which provides "the court may . . . order the taking of the testimony of a victim or witness on closed circuit television at the trial" when "there is a substantial likelihood that the victim or witness would suffer severe emotional or mental distress if required to testify in the presence of spectators, the defendant, [or] the jury." The judge made the required findings pursuant to N.J.S.A. 2A:84A-32.4, and defendant does not challenge this ruling on appeal.[2]

DCPP also presented the testimony of a Union County Prosecutor's Office detective, a medical doctor, and a psychologist, all of whom had interviewed

---

[2] However, as noted by defendant, the judge incorrectly stated in his opinion that Ellen testified "face-to-face" with defendant. This was a harmless misstatement.

Ellen about the allegations. The trial court found Ellen's statements to these individuals substantially corroborated Ellen's in-court testimony, although in some interviews Ellen shared more details than in others.

Ellen was also cross-examined about a series of messages sent to a friend on Discord, a social media application, in which she allegedly recanted allegations of defendant's abuse that she had earlier confided to the friend. She maintained the messages were not her own words and she was instead instructed to write them.

The defense presented two witnesses: the landlord ("Bridget"), who lived in the family's basement, and Ellen's half-sister ("Brooke"). Each testified Ellen had told them her allegations against defendant were false.

The trial court made written findings of fact and conclusions of law. It found Ellen's testimony credible and credited her account of the contradictory Discord messages. The trial court did not find Bridget or Brooke credible. Accordingly, it determined Ellen was an abused or neglected child pursuant to N.J.S.A. 9:6-8.21(c)(3) by a preponderance of the evidence.

Our review of the Family Part's abuse or neglect finding is limited. DYFS v. S.H., 439 N.J. Super. 137, 144 (App. Div. 2015). The court's findings "are binding on appeal when supported by adequate, substantial, and credible

4

evidence." Ibid. Appellate courts should "defer to the factual findings of the trial court because it has the opportunity to make firsthand credibility judgments about the witnesses who appear on the stand; it has a 'feel of the case' that can never be realized by a review of the cold record." DYFS v. E.P., 196 N.J. 88, 104 (2008) (quoting DYFS v. M.M., 189 N.J. 261, 293 (2008). A family court's decision should not be overturned unless it is "so wide of the mark that our intervention is required to avert an injustice." DYFS v. F.M., 211 N.J. 420, 427 (2012).

Title 9 defines an "abused or neglected child" as one under the age of eighteen whose parent or guardian "commits or allows to be committed an act of sexual abuse against the child." N.J.S.A. 9:6-8.21(c)(3). The Division "must prove that the child is 'abused or neglected' by a preponderance of the evidence, and only through the admission of 'competent, material and relevant evidence.'" DYFS. v. P.W.R., 205 N.J. 17, 32 (2011) (quoting N.J.S.A. 9:6-8.46(b)). Each case of alleged abuse is "generally fact sensitive." Id. at 33.

Defendant argues on appeal that Ellen was not credible. It is not our role to revisit the trial court's credibility findings. See E.P., 196 N.J. at 104. This trial court's overall finding that defendant sexually abused Ellen was supported by substantial credible evidence. The trial court relied largely on Ellen's in-

court testimony, in which she described the sexual abuse she had experienced since the fourth grade. She stated defendant would "touch [her] chest" and "butt" both over and under her clothes and this abuse occurred over the course of four years, since she was ten or eleven. The trial court credited this testimony and did not credit her alleged recantation contained in the Discord messages. It did not find either defense witness credible. These findings, based on "competent, material and relevant evidence," see N.J.S.A. 9:6-8.46(b)(2), are sufficient to conclude Ellen was sexually abused and is thus an abused or neglected child pursuant to N.J.S.A. 9:6-8.21(c)(3).

Defendant also argues the court erred in refusing to admit into evidence, for purposes of impeachment, the Discord messages containing the alleged recantation. We find no significant merit to this argument. Although the trial court correctly allowed cross-examination regarding the messages, we agree it erred in concluding these messages could not be introduced because they were not in "any way probative of the issue of the witness['s] credibility." The messages contradicted Ellen's account at trial and, thus, they were relevant to her credibility and were admissible as impeachment evidence. See N.J.R.E. 607; Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 495 (1999) (noting a witness's prior inconsistent statements are admissible for impeachment purposes). However,

this error was harmless because defendant's counsel was thoroughly able to explore the recantation and reasons for it on cross-examination. The trial court found Ellen's explanation for the recantation—specifically, she was instructed to write the messages by defendant and Brooke—persuasive.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2626-24